NO.   A-197,145

| | | |
|---|---|---|
| MARY CATHERINE FURLOUGH, INDIVIDUALLY AND AS ADMINISTRATOR OF THE ESTATE OF CAROLYN HAMMOND, Deceased And RICHARD W. SPAULDING | § § § § § § | IN THE DISTRICT COURT OF |
| V. | § § | JEFFERSON COUNTY, TEXAS |
| JAMES HOLMES, INDIVIDUALLY AND D/B/A THE LAW OFFICE OF JAMES HOLMES, P.C., and JOHN BURT, INDIVIDUALLY AND D/B/A THE LAW OFFICE OF JOHN BURT, PLLC | § § § § § § | 58TH JUDICIAL DISTRICT |

**PLAINTIFFS' FIRST AMENDED PETITION
FOR DECLARATORY JUDGMENT
& PLAINTIFFS' ORIGINAL PETITION**

TO THE HONORABLE JUDGE OF SAID COURT:

### I.   PETITION FOR DECLARATORY JUDGMENT

Come now, Mary Catherine Furlough, Individually and as Executrix of the Estate of Carolyn Hammond, deceased, and Richard W. Spaulding, Jr., Petitioners, and file this Petition for Declaratory Judgment pursuant to **TEX. CIV. PRAC. & REM. CODE § 37.001** et seq. ("Texas Uniform Declaratory Judgments Act").

### 1. PARTIES

1.1   Your Petitioners are the surviving children of Carolyn Hammond who was tragically killed as a result of a crash involving her vehicle and an 18-wheeler on December 14, 2014. Pursuant to TEX. CIV. PRAC. & REM. CODE § 37.006 Petitioners would show that the parties in interest are:



1

(1) Mary Catherine Furlough, Individually and as Executrix of the Estate of Carolyn Hammond, is a resident citizen of Beaumont, Jefferson County, Texas.  Petitioner may be served by and through the undersigned counsel.

(2) Richard W. Spaulding, Jr. is a resident citizen of Katy, Harris County, Texas.  Petition may be served by and through the undersigned counsel.

(3) Provost*Umphrey Law Firm, L.L.P., whose principal office is located in Beaumont, Jefferson County, Texas and who currently represent Plaintiffs in their wrongful death claims for the loss of their mother.  No service on this party is required.

(4) Mr. James Holmes and The Law Office of James Holmes, P.C., who claim an interest in Plaintiffs' wrongful death claims.  Petitioner requests these parties be served with service at this time, by certified mail, return receipt requested, at their place of business, 212 South Marshall, Henderson, Rusk County, Texas 75654.

(5) Mr. John Burt and The Law Office of John Burt, P.L.L.C., who claim an interest in Plaintiffs' wrongful death claims.  Petitioner requests these parties be served with service at this time, by certified mail, return receipt requested, at their place of business, P.O. Box 2070, 841 State Hwy. 62, Buna, Jasper County, Texas 77612.

## 2. JURISDICTION AND VENUE

2.1     This Court has both jurisdiction and venue over the Declaratory Judgment action.  In particular, at least one of the parties in interest reside in Jefferson County,

Texas, at the time the instant cause of action accrued, and at least one of the written instruments made the basis of this action was executed in Jefferson County, Texas.

2.2   This action arises solely under the laws of the State of Texas.  Petitioners would ask the Court to conduct discovery in accordance with a discovery control plan tailored to the particular circumstances of this lawsuit.

### 3. FACTS

3.1   On the evening of December 14, 2014, a tragic crash occurred between a 2013 GMC Yukon being driven by Carolyn Hammond and an 18-wheeler being driven by Shayne Felty for and on behalf of Schneider National Carriers, Inc.  Carolyn Hammond died at the scene.

3.2   The following morning, Petitioners were contacted by Carolyn Hammond's probate attorney, Mr. John Burt ("Burt").  Burt stated that it was urgent that both Petitioners come to his office to handle certain probate matters.

3.3   Upon arrival, Burt told them that the probate matters could wait but that it was urgent that they meet with Mr. James Holmes ("Holmes"), an attorney from Henderson, Texas, who was conveniently at Burt's law office at that time.

3.4   After being pressed, and under great stress and duress, Petitioners signed a contract ("Holmes Contract") for Holmes (and The Law Offices of James Holmes, P.C.) to represent them in their wrongful death claims.

3.5   Holmes and Burt agreed to a fee split of the attorneys' fees to be realized under that contract.

3.6   Petitioners discharged Holmes and the Law Offices of James Holmes, P.C. as their attorneys in their wrongful death claims, for good cause.

3.7   Subsequent to the discharge of Holmes and the Law Offices of James Holmes, P.C., Petitioners entered into a contract with Provost*Umphrey Law Firm, L.L.P. ("Provost*Umphrey Contract") and retained Paul 'Chip' Ferguson to represent them in their wrongful death claims.

3.8   Both the Holmes Contract and Provost*Umphrey Contract are contingency fee contracts, paying the attorney a percentage of Petitioners' recovery if successful.

3.9   Holmes had indicated his intent to assert his full contingency fee. Given that position, and the existence of the Provost*Umphrey Contract, this subjects your Petitioners to being charged *two* fees. Petitioners seek a declaration of their rights under these written contracts.

### 4. **TEXAS UNIFORM DECLARATORY JUDGMENTS ACT**

4.1   Petitioners seek a declaration regarding their rights, status and legal relations under the Holmes Contract and the Provost*Umphrey Contract as well as the construction and validity of said contract(s).

4.2   Petitioners specifically request that the Court find and declare that the Holmes Contract is invalid, unenforceable, void, and void *ab initio*.

4.3   Petitioners specifically request that the Court find and declare that Plaintiffs had good and just cause for terminating the Holmes Contract.

4.4   Petitioners specifically request that the Court find and declare that the enforcement of the Holmes Contract would be unconscionable.

4.5   Petitioners specifically request that the Court find and declare that the enforcement of the Holmes Contract would result in unjust enrichment.

4.6    Petitioners specifically request that the Court find and declare that the enforcement of the Holmes Contract is contrary to Texas State Bar Rules.

4.7    Petitioners specifically request that the Court find and declare that James Holmes, The Law Offices of James Holmes, P.C., John Burt and The Law Office of John Burt, P.L.L.C. have no fee interest in Petitioners' wrongful death claims.

4.8    Alternatively, Petitioners specifically request that, should James Holmes, The Law Offices of James Holmes, P.C., John Burt and The Law Office of John Burt, P.L.L.C. have any fee interest in Petitioners' wrongful death claims, it should be limited to *quantum meruit*.

4.9    Petitioners specifically request that the Court find and declare that the Provost*Umphrey Contract is valid and binding.

## 5. RELIEF REQUESTED

5.1    Pursuant to TEX. R. CIV. P. 47(c), Petitioners hereby affirmatively plead for non-monetary relief as described in ¶¶ 4.1 – 4.9. The awarding of this relief falls within the Court's jurisdiction.

5.2.    Petitioners further request that they be awarded reasonable and necessary attorneys' fees and court costs as may be just and equitable, at the hands of each Defendant. Petitioners invoke the rights and remedies afforded him under TEX. CIV. PRAC. & REM. CODE § 38.001 et seq.

## 6. REQUEST FOR DISCLOSURE

6.1.    Petitioners request that each Defendant disclose, within 50 days of this receipt of this Request, the information or material described in TEX. R. CIV. P. 194.2.

## 7. RULE 193.7 NOTICE

7.1.    Petitioners hereby notify each Defendant that Petitioners intend to use each Defendant's discovery answers and responses as evidence at trial in accordance with such rights and privileges established by TEX. R. CIV. P. 193.7.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Petitioners pray that all other parties be duly cited to appear herein as described above, and that, upon final determination hereof, Petitioners be granted the relief sought as well as all other relief, special and general, at law and in equity, to which they may be justly entitled.

## II.  PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW **MARY CATHERINE FURLOUGH, INDIVIDUALLY AND AS EXECUTRIX OF THE ESTATE OF CAROLYN HAMMOND, DECEASED, AND RICHARD W. SPAULDING, JR.,** hereinafter referred to as Plaintiffs, complaining of and about **SCHNEIDER NATIONAL CARRIERS, INC.,** and **SHAYNE THOMAS FELTY,** hereinafter referred to as Defendants, and for cause of action, would show this Honorable Court as follows:

### 1. DISCOVERY LEVEL

Discovery is this matter is to be conducted according to Level 3 per Tex. R. Civ. P. 190.4.

### 2. JURISDICTION & VENUE

Both Jurisdiction and venue are proper in the District Court of Jefferson County, Texas.

### 3. PARTIES

Plaintiff, **MARY CATHERINE FURLOUGH** is a resident citizen of Beaumont, Jefferson County, Texas.

Plaintiff, **RICHARD W. SPAULDING, JR.** is a resident citizen of Katy, Harris County, Texas.

Defendant, **SCHNEIDER NATIONAL CARRIERS, INC.,** is a foreign corporation organized of and by virtue of the laws of the State of Nevada, but doing business in Texas. Said Defendant may be served by and through its registered agent for service, C.T. Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3140, by certified mail, return receipt requested.

Defendant, **SHAYNE THOMAS FELTY**, is a resident citizen of the State of Louisiana. Defendant is an individual who, by virtue of the operation of a motor vehicle on the public roads of Texas, as more particularly described below, has appointed the Chairman of the Texas Highway Commission as his agent on whom process may be served in accordance with Art. 2039a, Tex .Rev. Civ. Stat.  Defendant may be served at his place of residence at 512 Ave F., Marrero, Louisiana 70072.

### 4. FACTS

This suit is brought in accordance with the laws of the State of Texas for the recovery of damages to which your Plaintiffs are entitled to recover over and from the Defendants herein.  In particular, your Plaintiffs would show that Decedent, Carolyn Hammond died as the result of injuries she sustained in a vehicle collision that occurred on or about December 14, 2014. Plaintiffs will show that the collision was brought about and caused to occur, and were proximately caused by the negligence of the

Defendants herein, such negligent acts which will be set out more fully hereinafter. Therefore, your Plaintiffs hereby invoke the provisions of Sec. 71.001, et seq., TEX. REV. CIV. PRAC. & REM. CODE, said provisions covering both wrongful death and survival causes of action.

### 5.

In particular, your Plaintiffs will show that on or about December 14, 2014 Decedent was operating her vehicle in northerly direction on Hwy 96 North in Silsbee, Texas. A tractor-trailer unit, being driven by co-Defendant, **SHAYNE THOMAS FELTY** pulled his vehicle across the northbound lanes, blocking the roadway. Due to the time of day, the Defendants' vehicle was unable to be seen by oncoming traffic. As a result, Decedent struck the side of the tractor-trailer unit. Decedent sustained severe and disabling personal injuries, which were an ultimate and proximate cause of her death.

Plaintiffs would further show that the tractor-trailer being operated by Defendant, **SHAYNE THOMAS FELTY** was owned by co-Defendant, **SCHNEIDER NATIONAL CARRIERS, INC.**, and was being utilized in the course and scope of work, or furtherance of the business for Defendant, **SCHNEIDER NATIONAL CARRIERS, INC**.

### 6. NEGLIGENCE

In addition to the above, Plaintiffs would show that Defendant, **SHAYNE THOMAS FELTY** was negligent, in at least the following respects and particulars:

1. In failing to exercise ordinary care;
2. In operating his vehicle in an unsafe and unlawful manner under the existing circumstances;
3. In violating various state and federal laws, statutes, codes and regulations governing the safe operation of tractor trailers;

4. In failing to take appropriate evasive action under the existing circumstances;

5. In failing to apply appropriate safety measures necessary to ensure the safety of the motoring public.

**7.**

In addition, Plaintiffs further plead that Defendant, **SCHNEIDER NATIONAL CARRIERS, INC.,** is directly liable for Plaintiffs' injuries, damages and losses under the following theories:

1. Negligent entrustment to a reckless, incompetent and/or unsafe driver;

2. Negligent hiring of Defendant, SHAYNE THOMAS FELTY;

3. Negligent retention of Defendant, SHAYNE THOMAS FELTY;

4. Negligent training of Defendant, SHAYNE THOMAS FELTY;

5. Failure to properly and safely inspect, repair and/or maintain its vehicle.

All of the above acts, wrongs and/or omissions as well as various other acts, wrongs and/or omissions on the part of the Defendants, either individually or collectively, amounted to negligence and were the proximate cause of the resulting damages and injuries suffered to and by the Plaintiffs herein.

Plaintiffs reserve the right to amend this petition and add, delete and/or modify these allegations as the facts and circumstances may dictate.

**8.**

Plaintiffs would further show that Defendant, SCHNEIDER NATIONAL CARRIERS, INC., is vicariously liable for any and all acts of negligence on the part of SHAYNE THOMAS FELTY under the doctrine of *respondeat superior*.

## 9. DAMAGES

As a result of the collision made the basis of this lawsuit Plaintiffs would show that they have sustained the following injuries, damages and losses:

9.1 **MARY CATHERINE FURLOUGH, AS EXECUTRIX OF THE ESTATE OF CAROLYN HAMMOND**, would further show that said Estate is entitled to recover, and hereby sues for, the following elements of damages:

1. Physical pain and mental anguish sustained by Carolyn Hammond prior to her death, as a result of the collision in question;

2. Reasonable and necessary funeral and burial expenses for the funeral and burial of Carolyn Hammond.

9.2 Plaintiffs, **MARY CATHERINE FURLOUGH** and **RICHARD W. SPAULING, JR.** are the surviving children of CAROLYN HAMMOND, and are entitled to recover, and hereby sues for, the following elements of damages:

1. Mental anguish sustained in the past and in reasonable probability will continue into the future, as a result of the death of their mother;

2. Loss of companionship and society sustained in the past and in reasonable probability will continue into the future as a result of the death of their mother; and

3. Pecuniary loss sustained in the past and in reasonable probability will continue into the future as a result of the death of their mother;

The above-listed elements of damages were brought about to occur and were proximately caused by the negligence of the Defendant herein.

**10.**

Although the amount to be awarded herein is a matter lying largely within the discretion of the jury, your Plaintiffs would show that said sum greatly exceeds the minimum jurisdictional limits of this Honorable Court. Plaintiffs seek damages in excess of One Million Dollars.

## 11. GROSS NEGLIGENCE/MALICE

Your Plaintiffs will further show that the negligence of the Defendants (either jointly or severally) constituted gross negligence, or *malice*, as that term is defined by law. Accordingly, your Plaintiffs are entitled to and hereby sues for punitive and/or exemplary damages.

### 12.

Plaintiffs also assert a claim for both pre- and post-judgment interest for all elements of damages, as allowed by law.

## 13. RULE 193.7 NOTICE

This is given as notice to the Defendants that Plaintiffs intend to use all of Defendants' discovery responses as evidence at trial in accordance with such right and privileges established by Texas Rule of Civil Procedure 193.7.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that the Defendants be duly cited in terms of law to appear and answer herein, and that upon final trial hereof, Plaintiffs have judgment against said Defendants for all damages, in a total sum in excess of this Court's minimum jurisdictional requirements, together with both pre-judgment and post-judgment interest, at the legal rate thereon, for punitive and/or exemplary damages, for costs of court, and for such other and further relief, special and general, at law or in equity, to which Plaintiffs may show themselves justly entitled to receive.

Respectfully Submitted,

PROVOST & UMPHREY LAW FIRM, LLP
P.O. Box 4905
Beaumont, Texas 77704-4905
(409) 835-6000 phone
(409) 838-8888 fax

By: *s/ Paul "Chip" Ferguson*
Paul F. Ferguson, Jr.
State Bar No. 06919200
cferguson@pulf.com
Ryan M. Schaper
State Bar No. 24068814
rschaper@pulf.com
ATTORNEYS FOR PLAINTIFFS

## JURY DEMAND

Plaintiffs respectfully demand a trial by jury.

*s/ Paul F. Ferguson, Jr.*
Paul F. Ferguson, Jr.

12